David HODGINS

v.

AMERICAN MUTUAL LIABILITY IN-
SURANCE COMPANY.

Civ. A. No. 39556.

United States District Court
E. D. Pennsylvania.

Dec. 9, 1966.

Vinikoor, Fein, Criden & Johanson, by Albert S. Fein, Philadelphia, Pa., for plaintiff.

Swartz, Campbell & Detweiler, by Joseph Head, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, District Judge.

This is a motion by plaintiff for summary judgment under F.R.Civ.P. 56. Plaintiff claims to be entitled to $27,500 out of the proceeds of a liability policy issued by the defendant to Virginia Dare Stores Corporation, and others. Plaintiff urges this court to declare as a matter of law that the policy in question was endorsed to cover his judgment debtor, Bargain City U.S.A. Inc. ("Bargain City") for the so-called "products hazard".

The genesis of plaintiff's present action was an injury he sustained after purchasing a product from a concessionaire at Bargain City's Ridley Township store. A complaint was filed against Bargain City and its concessionaire and a judgment for $27,500 was obtained in the Common Pleas Court in Philadelphia. Unfortunately, both Bargain City and its concessionaire were by this time in bankruptcy and the levies on the judgment were returned "Nulla Bona." The present action is on an insurance policy which was in effect at the time plaintiff's cause of action accrued against Bargain City,[1] and the only prob-

---

1. A direct action against the insurer is authorized in the event of insolvency or bankruptcy of the insured by the Act of May 24, 1933, P.L. 987, as amended, 40

lem is whether the policy insured Bargain City for the peril which caused plaintiff's injury. We do not believe that plaintiff's case meets the requisites for summary judgment and the motion, therefore, will be denied.

A copy of the policy is part of the record. The pertinent provisions can be stated briefly. It is a Comprehensive General Liability Policy issued for one year to "Virginia Dare Stores &/or Their Financially Controlled Subsidiaries &/or Corporations." By endorsements effective at the policy inception, the policy is extended to cover " * * * all concessionaires of the named insured * * * " (Endorsement No. 9), " * * * Atlantic Mills Thrift Center as a named insured as respects * * * Store 168, 10740 Garland Rd., Dallas Texas" (Endorsement No. 14), and a list of over forty names " * * * as additional interests at the designated locations only * * * " (Endorsement No. 16). Next to each of the names in this last group is a word or two describing that party's interest in the designated premises. One of the names given is that of "Bargain City U.S. [sic] Inc." whose interest is listed as "lessor," and location as "Fairview & McDade Blvd., Ridley Township, Pa." Plaintiff seeks to have the policy interpreted to include this particular Bargain City store for all of the hazards insured against, in particular products liability.

The gist of plaintiff's argument is that the extent of coverage afforded Bargain City U.S.A. Inc. is at best ambiguous, and where an ambiguity appears in a contract of insurance it should be construed against its author, the insurance company. Defendant argues at length that the only protection afforded Bargain City by Endorsement No. 16 is insurance against the liability exposure of a landlord, and this would not include

products liability. Defendant stresses the fact that the endorsement specifically referred to coverage for "additional interests" and did not name Bargain City as an additional named insured.

■    One thing is plain: the policy does *not* clearly and unambiguously cover Bargain City for the hazard which caused plaintiff's injury. This being so, plaintiff's motion cannot be granted, for defendant would be entitled to present evidence to assist the fact finder in resolving any ambiguity that may exist, if, in fact, one does. American Fidelity and Cas. Co., Inc. v. London and Edinburgh Ins. Co., 354 F.2d 214 (C.A.4, 1965); Union Ins. Soc. of Canton, Limited v. William Gluckin & Co., 353 F.2d 946 (C.A.2, 1965); James McHugh Construction Co. v. Martin, 111 U.S.App. D.C. 48, 294 F.2d 244 (1961). Since defendant has not moved for judgment, we will refrain from deciding now whether the policy is unambiguous against coverage.

■■    We feel compelled to comment upon what at first blush appears to be a conflict between a procedural imperative and the widely-held doctrine of construing insurance policy ambiguities against the insurer. If we were to hold that the mere existence of a judicially determined ambiguity[2] demands judgment against the insurer, we would be ignoring completely the rationale for the rule of construction. Insurance policies and other contracts of adhesion are construed strictly and against their author when there is doubt as to what the parties themselves intended. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416 (1931); Liberty Mutual Insurance Company v. Hercules Powder Company, 224 F.2d 293, 54 A.L.R.2d 513 (C.A.3, 1955). However, this construction can only be invoked when, upon a full consideration of the facts, the in-

---

P.S. § 117. Philadelphia Forrest Hills Corporation v. Bituminous Casualty Corporation, 208 Pa.Super. 461, 222 A.2d 493 (1966).

2. The existence of an ambiguity is a matter for the court's determination. United

States v. Northern Pac. Ry. Co., 188 F. 2d 277 (C.A. 8, 1951); Steel v. McCargo, 260 F.2d 753 (C.A. 8, 1958); Whiting Stoker Co. v. Chicago Stoker Corp., 7 Cir., 171 F.2d 248, cert. den. 337 U.S. 915, 69 S.Ct. 1155, 93 L.Ed. 1725 (1949).

tent of the parties is still obscure. Only then, should we place the consequences of the ambiguity upon the party who chose the words. If we were to ignore extrinsic evidence of what the parties intended the net result would be to place in jeopardy every insurance contract in which words of art peculiar to that or similar transactions were employed. This result would be especially unfortunate in situations like the present one where the allegation of an ambiguity in the contract is raised by a third party.

In view of the foregoing, plaintiff's motion for summary judgment is denied.

It is so ordered.