**In re DAVID N. RAUSCH, INC., d/b/a Farmer/Rancher, Case No. 382–00076, and David Nick Rausch and Mary Susan Rausch, d/b/a Farmer/Rancher, Case No. 382–00077, Debtors.**

**Bankruptcy Nos. 382–00076, 382–00077. Joint Administration No. 382–00076.**

United States Bankruptcy Court, D. South Dakota.

Aug. 31, 1984.

Craig E. Smith, Neumayer & Smith, Gettysburg, S.D., for First Bank Gettysburg.

William J. Pfeiffer, Aberdeen, S.D., for debtors David N. Rausch, Inc., d/b/a Farmer/Rancher, and David Nick Rausch and Mary Susan Rausch, d/b/a Farmer/Rancher.

William P. Westphal, Minneapolis, Minn., United States Trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The above-entitled matter is before the Court on the application of First Bank Gettysburg for attorney's fees under 11 U.S.C. § 506(b). The debtors and the United States Trustee have filed objections.

 Section 506(b) of the Bankruptcy Code allows an oversecured creditor to add reasonable fees, among other things, to the value of its claim if the agreement under which the claim arose so provides. Thus, the bank has to meet a three-part test before it is entitled to add attorney's fees to its claim: (1) prove that it is oversecured in excess of the attorney's fees requested; (2) prove that its fees are reasonable; and (3) prove that the agreement underlying the claim provides for attorney's fees. *Matter of Elmwood Farm, Inc.*, 19 B.R. 338 (Bkrtcy.S.D.N.Y.1982); *In re LHD Realty Corp.*, 20 B.R. 722 (Bkrtcy.S.D.Ind. 1982); *In re Masnorth Corp.*, 28 B.R. 892 (Bkrtcy.N.D.Ga.1983); *In re Rutherford*, 28 B.R. 899 (Bkrtcy.N.D.Ill.1983).

The debtors concede that the bank is oversecured in excess of the $2,693.27 requested by the bank for attorney's fees. The bank's trial exhibit No. 2 itemizes its request for attorney's fees. The Court has reviewed exhibit No. 2 and finds the fees reasonable. The bank's trial exhibit No. 1, the security agreement underlying its claim against the debtors, clearly provides for attorney's fees in paragraph No. 11: "Borrower agrees, in the event of Default ... to pay all costs of the Bank, including reasonable attorneys' fees, in the collection of any of the Secured Obligations and the enforcement of any of the Bank's rights."

 It is axiomatic that federal law, not state laws, determines whether attorney's fees are allowable under 11 U.S.C. § 506(b). The cases supporting this rule are legion. *In re American Metals Corp.*, 31 B.R. 229, 234 (Bkrtcy.D.Kan.1983). Consequently, the Court finds no merit in the debtors' contention that the bank's attorney's fees may be objectionable under state law. Based on the foregoing analysis, the objections are overruled and the bank's application for attorney's fees is granted.

This Memorandum Decision constitutes the Court's Findings of Fact and Conclu-

sions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 9021, to the Clerk of this Court forthwith. The proposed Order and Judgment should clearly provide that the bank's attorney's fees are added to its secured claim, not treated as an administrative expense under 11 U.S.C. § 503.