**In re Harley Paul NORDMANN and Dianne Fae Nordmann, d/b/a Farmers, Debtors.**

**Bankruptcy No. 485–00062.**

United States Bankruptcy Court, D. South Dakota.

Jan. 13, 1986.

Roger W. Damgaard, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for petitioner.

J. Bruce Blake, Sioux Falls, S.D., for respondents/debtors.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

This matter is before the Court on a motion for approval of Bankruptcy Code Section 506(b) fees and costs filed on behalf of The Equitable Life Assurance Society of the United States ("Equitable") by Attorney Roger W. Damgaard of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, South Dakota. Attorney J. Bruce Blake, on behalf of Harley and Dianne Nordmann ("Debtors"), objected to payment of fees or costs at a December 19, 1985, hearing.

### Background

1. Debtors filed for Chapter 13 relief under the Bankruptcy Code on February 13, 1985, and filed their plan on November 14, 1985.

2. On November 20, 1985, the Court entered an order determining that Equitable had a secured claim in the amount of $32,100.00 on the date of the filing of the petition and that its claim is secured by a first mortgage on real estate valued at $54,000.00.

3. The mortgage between Equitable and the debtors reads, in pertinent part, as follows:

"The [debtors] hereby covenants and agrees, to the extent permitted by law, as follows: ... (f) to pay on demand all legal expenses, title searches, or attorney fees reasonably incurred or paid by [Equitable] to collect the Note or foreclose or protect the lien of the Mortgage...."

4. Equitable's motion included a request for the following payments (a time and expense itemization was attached as part of its motion):

a. Attorneys' fees in the amount of $2,305.50, including sales tax and costs; and

b. Appraisal fee in the amount of $362.39.

5. Debtors objected to the payments on the following grounds:

a. The American Rule precludes payment of attorneys' fees and costs under Bankruptcy Code Section 506(b); and

b. Because the mortgage contract language does not specifically refer to bankruptcy, it may not be read as providing for the payment of attorneys' fees and costs incurred by the mortgagee (Equitable) during the pendency of the bankruptcy.

### Issues

The issues raised are:

1) Does the American Rule preclude payment of attorneys' fees and costs under Bankruptcy Code Section 506(b)?

2) Does the contract language in the mortgage provide for payment of attorneys' fees and costs incurred by the mort-

gagee during the pendency of the bankruptcy?

### Law

■ As to the first issue, the Court holds that the American Rule does not preclude payment of attorneys' fees and costs under Bankruptcy Code Section 506(b).

Under the prevailing American Rule, parties must bear the cost of their own attorneys' fees and expenses. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Statutory exceptions, however, may provide for payment of attorneys' fees and costs by one of the parties. *Matter of Nicfur-Cruz Realty Corp.*, 50 B.R. 162 (Bkrtcy.S.D.N.Y.1985). Bankruptcy Code Section 506(b)[1] is a "statutory" exception, permitting payment of attorneys' fees and costs when certain requirements are met and, therefore, is excepted from the American Rule. *Id.* *See also In re Trombley*, 31 B.R. 386 (Bkrtcy.D.Vt.1983).

■ As to the second issue, the Court holds that the contract language in the mortgage does provide for the payment of attorneys' fees and costs incurred by the mortgagee (Equitable) during the pendency of the bankruptcy.

Bankruptcy Code Section 506(b)[2] entitles a creditor to add attorneys' fees and costs to its claim when the following three-part test is met:

1) Creditor must prove that it is oversecured in excess of attorneys' fees and costs requested;[3]

2) Creditor must prove that its fees and costs are reasonable;[4] and

3) Creditor must prove that the agreement underlying the claim provides for attorneys' fees and costs.

*See In re Rausch, Inc.*, 41 B.R. 833 (Bkrtcy.D.S.D.1984).

Although the debtors' "contract" objection goes to the third part of the Section 506(b) test, the Court may independently determine whether the other requirements have been met. *See, e.g., Matter of Ladner*, 50 B.R. 85 (Bkrtcy.S.D.Miss.1985); *In re Erewhon, Inc.*, 21 B.R. 79 (Bkrtcy.D. Mass.1982). Using simple subtraction, the Court finds that Equitable is oversecured in excess of attorneys' fees and costs requested.[5] After careful review of the itemization of attorneys' fees and costs which was attached as part of Equitable's motion, the Court finds that the $2,305.50 in attorneys' fees and $362.39 in appraisal fees are "reasonable" within the scope of both the mortgage and Bankruptcy Code Section 506(b).

Although the contract includes the language that the [debtors] shall pay all legal expenses and attorneys' fees when "reasonably incurred [by Equitable to] protect the lien of the Mortgage," the debtors insist that this does not include efforts made during the pendency of bankruptcy. In general terms, the debtors argue that this fails under the third part of the Section 506(b) test because the agreement underlying the claim does not specifically provide for payment of attorneys' fees or costs during the pendency of the bankruptcy. No legal authority was offered for this proposition.

1. Bankruptcy Code Section 506(b) reads as follows:

   To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

2. *See* n. 1.

3. *See* 11 U.S.C. § 506(a).

4. Under Section 506(b), the "reasonable" fee requirement is an additional limitation to any contractually agreed amount. *Matter of Nicfur-Cruz Realty Corp.*, 50 B.R. at 167.

5. Value of Mortgaged Property .............. $54,000.00
   (Amount of Equitable's secured claim
   ($32,100.00) *plus* attorneys' fees and
   costs ($2,667.89) equals $34,767.89.) ....... −$34,767.89
   Excess Amount ........................... $19,232.11

Debtors also argued that the contract language in *Rausch* was materially distinguishable from the language in the instant case. The security agreement in *Rausch* provided for payment of "reasonable attorneys' fees, in the collection of any of the Secured Obligations and the enforcement of any of the Bank's rights." 41 B.R. at 834. When comparing the language in the *Rausch* agreement with the agreement in the instant case, the Court finds no material difference in the language providing for attorneys' fees and costs. The Court also notes that the agreement in *Rausch* did not specifically refer to bankruptcy.

Based on any reasonable interpretation of the contract language in the instant case and the *Rausch* findings, the Court holds that the mortgage does provide for payment of attorneys' fees and costs incurred during the pendency of the bankruptcy.

Accordingly, the above and foregoing Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R. Civ.P. 52. Counsel for Equitable is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law and in accordance with Bankr.R.P. 9021, to the Clerk of this Court.