**In re W.S. SHEPPLEY & COMPANY, Debtor.**

**Bankruptcy No. 84–01160.**

United States Bankruptcy Court, N.D. Iowa, E.D.

July 8, 1986.

**280**

F.L. Burnette, II, Nyemaster, Goode, McLaughlin, Des Moines, Iowa, for Metropolitan.

Ronald Peterson, Jenner & Block, Chicago, Ill., Alfred Hughes, Hughes & Trannel, Dubuque, Iowa, for debtor-in-possession.

Gary Norby, O'Connor & Thomas, Dubuque, Iowa, for First Nat. Bank of Dubuque.

## MEMORANDUM OPINION AND ORDER ALLOWING FEES AND COSTS TO SECURED CREDITOR

JAMES E. YACOS, Bankruptcy Judge, sitting by designation.

This case is before the court on the request for allowance by Metropolitan Life Insurance Company for an allowance of a total of $90,108.60 in attorneys fees and expenses claimed necessary for the protection of its first mortgage interest in the debtor's principal asset, a major office building located in Dubuque, Iowa. The services occurred before and after the filing of the Chapter 11 petition in this court by the debtor on September 14, 1984.

Of the foregoing total request, the sum of $38,277.61 is requested as compensation for fees and expenses attributable to the period prior to September 14, 1984, relating to the bringing of a foreclosure action which was set for a one-week trial in the state court in September of 1984. That trial was stayed by the filing of the bankruptcy proceeding. The remainder of the fees and expenses requested are attributable to the "post-petition" period, i.e., the period of this Chapter 11 reorganization proceeding following the September 14, 1984 filing.

This court by its "Order Determining Allowed Secured Claim" entered May 30, 1986 has determined that the allowed secured claim of Metropolitan Life Insurance Company is in the total amount of $4,057,-658.74 as of May 1, 1986. This court previously ruled, in denying Metropolitan's request for relief from the automatic stay under § 362 of the Bankruptcy Code, that Metropolitan enjoyed a substantial equity cushion in excess of 40 per cent of its debt. *In re W.S. Sheppley & Co.*, 45 B.R. 473, 12 B.C.D. 709, 710 (Bankr. N.D. Iowa 1984). In the 1986 ruling on the allowance of Metropolitan's secured claim, referred to above, this court reaffirmed its finding that Metropolitan has been, and continues to be, fully protected by the equity value of the property in question.

■ The debtor in opposing Metropolitan's request for fees and expenses to be added to its secured claim argues that the attorney fee clauses in the promissory note and mortgage documents are to narrowly-drawn and do not permit *any* compensation for services in the bankruptcy proceeding. The clause in the promissory note reads as follows:

If, in the opinion of the holder, it becomes necessary to collect or enforce the Note, or to protect the security for same, the undersigned agrees to pay, to the extent permitted by law, all costs, charges, disbursements, and reasonable attorney fees incurred by the holder

hereof in collecting or enforcing this Note or in protecting said security.

The attorney fee clause in the mortgage provides as follows:

If Mortgagee shall incur or expend any sums, including reasonable attorneys' fees, whether in connection with any action or proceeding or not, to sustain the lien of this Mortgage or its priority, or to protect or enforce any of Mortgagee's rights hereunder, or to recover any indebtedness hereby secured, all such sums shall become immediately due and payable by Mortgagor with interest thereon at the default rate of the Note. All such sums shall be secured by this Mortgage and be a lien on the premises prior to any right, title, interest, or claim in, to, or upon the premises attaching or accruing subsequent to the lien of this Mortgage.

\* \* \* \* \* \*

If during the existence of this Mortgage, there shall be threatened, commenced or pending any suit or action affecting any of the Premises, the title thereto or the priority of the lien of this Mortgage thereon, or if any adverse claim for or against the Premises, or any part thereof, be made or asserted, the Mortgagee may appear or intervene in any such suit or action, retain counsel therein, and defend the same, or otherwise take such action as they may deem advisable and settle or compromise the same of the adverse claim; and in that regard and for any such purposes may pay and expend such sums of money as the Mortgagee may deem advisable, which sums shall be deemed to have been advanced hereunder and secured by this Mortgage.

In my judgment the contractual language here involved is sufficient to cover protection of the secured claim in the bankruptcy forum as well as any other judicial forum. The better view in this regard appears in the decision in *In re Salisbury*, 58 B.R. 635, 13 B.C.D. 1366 (Bankr.D.Conn. 1985), which I believe should be followed in the present instance. Cf. also, *Longwell v.*

*Banco Mort. Co.*, 38 B.R. 709 (Bankr.N.D. Ohio 1984). Accordingly, I conclude that the contractual language in question does cover and permit allowance of "reasonable fees, costs, or charges provided for under the agreement" to an oversecured creditor pursuant to § 506(b) of the Bankruptcy Code. This applies to both pre-petition and post-petition services of counsel to Metropolitan with regard to their secured debt.

The debtor objects further however to the *amount* of the fees and expenses requested as being unreasonable within the meaning of § 506(b) of the Bankruptcy Code. I have reviewed the debtor's numerous objections to the requested fees and expenses, as well as Metropolitan's responses and supporting affidavits. I have also reviewed the entire court record of these Chapter 11 proceedings in evaluating the aforesaid request and objections.

■ Based on the foregoing, I conclude that the pre-petition services provided to Metropolitan were reasonably necessary for the protection of its secured debt and that accordingly the total amount of $38,277.61 claimed for reimbursement is reasonable within the meaning of § 506(b) of the Code and bankruptcy law precepts relating to the balancing of the equities of the various classes of creditors and equity holders in a corporate reorganization proceeding.

■ With regard to the post-petition services provided Metropolitan, I conclude that the full amount requested cannot be justified for allowance under those same provisions and precepts. The record in this case amply demonstrates that Metropolitan, from the moment of the filing of the Chapter 11 petition, was determined to embark upon an "all-out war" to oppose every effort or attempt by the debtor to proceed with its reorganization, notwithstanding the substantial equity cushion that protected Metropolitan's secured debt and assured its ultimate payment. A good part of the post-petition services rendered had the effect of delaying, rather than hastening, the ultimate liquidation of the asset in question

to permit repayment of Metropolitan's debt.

In such circumstances, a substantial discount from hourly rate fees is justified to the extent the bankruptcy court finds the efforts were unnecessary to protect a legitimate interest of the secured creditor in the bankruptcy proceedings. See, e.g., *In re Ladner*, 50 B.R. 85 (Bankr.S.D.Miss.1985); *In re Masnorth Corp.*, 36 B.R. 335, 11 B.C.D. 782 (Bankr.N.D.Ga.1984); *In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162 (Bankr.S.D.N.Y.1985).

Metropolitan of course was entitled to attorney services and expenses in the Chapter 11 proceeding to assure that the proceedings moved expeditiously and did not unduly delay Metropolitan's realization on its secured claim. However, considering the relative simplicity of the issues presented in this Chapter 11 reorganization, leading ultimately to a plan for orderly liquidation of the asset in question, it is my judgment that attorneys fees not in excess of $20,000.00 at reasonable rates would have been sufficient to fully protect Metropolitan's interest in this type of proceeding. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. The allowed secured claim of Metropolitan Life Insurance Company is hereby determined to include an additional amount of $38,277.61 covering reasonable attorneys fees and expenses in protecting its secured debt prior to September 14, 1984.

2. The allowed secured claim of Metropolitan Life Insurance Company is hereby determined to include an additional amount of $20,000.00 covering reasonable attorneys fees in protecting its secured debt after September 14, 1984.

3. The court defers ruling at this time on the allowance of any reimbursement for expenses during the course of this Chapter 11 proceeding, pending a more detailed and collected statement of such expenses to be filed by Metropolitan. If the parties can then stipulate on the allowance of those additional expenses, the court will consider

the entry of a stipulated supplemental order in that regard. If the parties cannot so stipulate, Metropolitan may set down the matter for further hearing for determination of the same as it may be advised.