**In re Bobby Earl WOODHAM, Debtor.**

**Bankruptcy No. 93–4190–BKC–3P3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 27, 1994.

Albert H. Mickler, Jacksonville, FL, for debtor.

Marsha M. Brown, Jacksonville, FL, for Fleet Mortg. Co.

Mamie Davis, Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case is before the Court upon Debtor's Amended Objection to Claim 4 (Fleet Mortgage) (Doc. No. 33). Claim 4, filed by Fleet Mortgage Corporation included attorney's fees and costs incurred in this bankruptcy in the amount of $590. A hearing was held on this issue on August 31, 1994. After hearing the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtor in this case, Bobby E. Woodham, executed a mortgage and promissory note to Fleet Mortgage Corporation (hereinafter "Fleet") on March 30, 1990. The mortgage was recorded in the Official Records Book of Duval County, Florida. Woodham subsequently defaulted on the terms of the mortgage by failing to make required payments due in January, 1993 and thereafter, with the exception of payments made during the pendency of this bankruptcy proceeding. The Debtor filed his voluntary petition in bankruptcy on September 15, 1993. The Debtor's Chapter 13 plan has now been confirmed. During the course of the bankruptcy case, Fleet filed its Claim Number 4, claiming among other things, attorney's fees and costs for bankruptcy in the amount of $590, using as a basis for the claim, a provision of the mortgage agreement signed by the Debtor. Debtor has objected to this claim, maintaining that neither the mortgage, nor the promissory note, contains a provision specifically awarding attorneys fees in bankruptcy. The interpretation of this mortgage and note is the central issue in this case.

The provision in dispute in the mortgage explains that if any default occurs, in order to protect its security, Fleet may be required to advance certain costs and fees. The contract makes the mortgagor responsible for any of these costs and fees incurred by the mortgagee, which would be added to the security interest of the property. Specifically, the disputed language in the mortgage is as follows:

6. *Charges to Borrower and Protection of Lender's Rights in the Property.* Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.[1]

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

No where does this provision mention attorney's fees in bankruptcy. Nevertheless, Fleet maintains attorneys fees are implied as a cost of protecting its rights in the property in bankruptcy, which is mentioned in the

---

1. Paragraph 2 of the mortgage, as referred to here, considers such charges as payment of tax-

es, hazard insurance, mortgage insurance, and other charges affecting the property.

second paragraph. Debtor disagrees with this interpretation of the provision.

## CONCLUSIONS OF LAW

█ The "American Rule" requires each litigant to bear the cost of his or her own legal fees and expenses. The exception to this is by statute or if the parties agree otherwise. *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983); *Summit Valley Industries, Inc. v. Local 112, United Brotherhood of Carpenters and Joiners,* 456 U.S. 717, 102 S.Ct. 2112, 72 L.Ed.2d 511 (1982). Section 506(b) [2] of the Bankruptcy Code does represent a statutory exception of sorts to the American Rule. It has been interpreted as giving the Bankruptcy Court the jurisdiction to award attorney's fees: 1) when the creditor demonstrates that the claim is over-secured, 2) when the agreement provides for the award of fees and costs, and 3) when the fees and costs are reasonable. *In re David N. Rausch, Inc.,* 41 B.R. 833 (Bankr.D.S.D.1984); *In re Colvin,* 57 B.R. 299 (Bankr.D.Utah 1986); *In re Nordmann,* 56 B.R. 634 (Bankr.D.S.D.1986). The courts have repeatedly interpreted § 506(b) as providing for postpetition attorney's fees and costs to oversecured creditors, when the security agreement so provides.

As stated before, the central issue in this case is whether the mortgage agreement between the Debtor and Fleet provides for attorneys fees, which is a primary requirement under § 506(b). Several courts, including this one, have held that the contract in question must *expressly* provide for the awarding of attorney's fees to creditors in bankruptcy. "... Section 506(b) ... restricts the right to recover attorneys' fees to only those creditors who have bargained and provided for such fees in the underlying agreement." *In re Charter Co.,* 63 B.R. 568, 570 (Bankr.M.D.Fla.1986) (Proctor, J.). *Longwell v. Banco Mortgage Co.,* 38 B.R. 709 (N.D.Ohio 1984). *Charter* was cited approvingly in *In re LaRoche,* 115 B.R. 93 (Bankr. N.D.Ohio 1990) where the court stated that

attorney's fees provisions must be express and bargained for by the parties. The court deemed it important that the provision adequately inform the person signing the agreement that he or she would be held responsible for the creditor's attorney's fees. The court held that the mortgage agreement in question was "bereft" of that kind of information. Additionally, courts have held that § 506(b) requires specificity in providing for attorneys' fees. *In re Schwartz,* 87 B.R. 41 (S.D.Ohio 1988), *aff'g* 77 B.R. 177 (Bankr. S.D.Ohio 1987).

█ Florida courts have always interpreted attorney's fees provisions in contracts very narrowly. In *Ohio Realty Inv. Corp. v. Southern Bank of West Palm Beach,* 300 So.2d 679 (1974), the Florida Supreme Court rejected the notion that a mortgage which provided for "reasonable attorney's fees" covered attorney's fees on appeal of the case. The court stated that there must be express language showing a "meeting of the minds" of the parties that attorney's fees on appeal would be included in the provision.

█ It is an axiom of contract interpretation law that an ambiguous contract be interpreted against its drafter. "Any ambiguity resulting from the deliberate choice of language will be interpreted most strongly against the party who wrote it...." *In re F.H. McGraw & Co.,* 473 F.2d 465 (3rd Cir. 1973). "Insofar as contract language may be deemed ambiguous, Florida law dictates that any ambiguity will be interpreted against the party who selected the language. Further, this principle of law is applicable to mortgages." *First Texas Sav. Ass'n v. Comprop Inv. Properties Ltd.,* 752 F.Supp. 1568, 1571 (M.D.Fla.1990), *citing Consolidated Dev. & Eng'g Corp. v. Ortega Co.,* 117 Fla. 438, 158 So. 94 (1934); *Rose v. Lurton Co.,* 111 Fla. 424, 149 So. 557 (1933). An instrument must be construed against its drafter or against the party who supplied the contract. *Advance Process Supply Co. v. Litton Indus. Credit Corp.,* 745 F.2d 1076 (7th Cir.1984);

---

**2.** 11 U.S.C. § 506(b) provides: "To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose."

*In re Kennedy Mortgage Co.,* 23 B.R. 466 (Bankr.D.N.J.1982); *Thomson McKinnon Sec. Inc. v. Harris,* 139 B.R. 267 (S.D.N.Y. 1992).

■ Furthermore, a mortgage can be termed an adhesion contract, since it is generally not bargained for; rather it is imposed on the mortgagor on a take it or leave it basis by the mortgagee. According to Black's Law Dictionary, the distinctive feature of an adhesion contract is that the weaker party has no realistic choice as to its terms, (*citing Cubic Corp. v. Marty,* 185 Cal.App.3d 438, 229 Cal.Rptr. 828 (1986)). The demand to interpret ambiguous language against the maker of an adhesion contract becomes even more imperative. *In re Mako, Inc.,* 127 B.R. 474 (Bankr.E.D.Okla. 1991); *Hodgins v. American Mut. Liab. Ins. Co.,* 261 F.Supp. 129 (E.D.Pa.1966). In fact, by its very nature, an adhesion contract cannot meet one of the requirements of § 506(b) imposed by some courts; namely that provisions for attorneys fees be bargained for by the parties.

■ Upon examination of the mortgage in this case, particularly paragraph 6, the Court feels that the contract is entirely ambiguous as to whether attorney's fees are provided for. There is no express reference to bankruptcy attorney's fees in paragraph 6 of the mortgage, nor in any other section of the mortgage or promissory note. The Court cannot find an express, specific provision for attorney's fees that was bargained for by the parties in this mortgage or note. There was nothing to put the Debtor on notice that he would be held responsible for the creditor's attorney's fees in bankruptcy. Fleet provided the standard form mortgage contract used in this case. If it had wanted attorneys fees provided for in bankruptcy, it would have been a simple procedure to expressly draft that into the contract. Since there is no such reference, the court must interpret the contract against Fleet, and find there is no provision for bankruptcy attorney's fees in this mortgage or note.

A separate final order will be entered in accordance with the foregoing.