**CALIFORNIA FEDERAL BANK, Appellant,**

v.

**Richard ROMANO and Antoinette R. Romano, Appellees.**

**No. 94–1284–CIV–ORL–18.**

United States District Court, M.D. Florida, Orlando Division.

Nov. 15, 1996.

---

808

David Eugene Peterson, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, FL, for California Federal Bank.

Albert H. Mickler, Law Office of Albert H. Mickler, Jacksonville, FL, for Richard Romano, Antoinette R. Romano.

## ORDER

G. KENDALL SHARP, District Judge.

In this case, California Federal Bank (appellant) appeals from an order entered by the United States Bankruptcy Court for the Middle District of Florida denying them attorneys' fees and costs incurred while contesting Richard and Antoinette Romano's (appellee) filing for personal bankruptcy under Chapter 13 protection. Additionally, appellant appeals the bankruptcy court's order confirming appellee's Chapter 13 bankruptcy plan without requiring appellee to reimburse appellant for paying taxes and insurance premiums on the mortgaged property while appellee failed to do so. Appellee has filed a brief urging affirmance of the bankruptcy court's October 24, 1994 order. Following a review of the proceedings in the bankruptcy court and the relevant law, the court concludes that the denial of attorneys' fees and costs, in addition to the failure of requiring reimbursement for appellant's payment of taxes and insurance premiums was in error, and accordingly, reverses the order below and remands the case to the bankruptcy court for further proceedings.

### I. Findings of Fact

Because the court finds that the bankruptcy court's statement of the facts accurately reflects the facts of record, and because neither party disputes the facts as stated, the court adopts the factual findings made below. This appeal is properly before the court pursuant to 28 U.S.C. § 158(a)(1).

### II. Legal Discussion

#### A. Standard of Appellate Review

When sitting in its appellate capacity, a district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed.Bankr.R.Proc. 8013 (1994). The district court is bound by the findings of fact made by the bankruptcy court unless it determines them clearly erroneous. *Gibson Group, Ltd. of Pinellas County, Inc. v. Cooper (In re Cooper)*, 197 B.R. 698, 699 (M.D.Fla.1996). Appellant is entitled to an independent, *de novo* review of the bankruptcy court's legal conclusions. *State Farm Mut. Auto. Ins. Co. v. Fielder (In re Fielder)*, 799 F.2d 656, 657 (11th Cir.1986) (per curiam); *In re Sublett*, 895 F.2d 1381, 1383–84 (11th Cir.1990). Consequently, a district court will not disturb a ruling of the bankruptcy court "unless its factual findings are clearly erroneous or it applies the incorrect legal standard." *Cox v. Lansdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir.1990); *accord In re Fielder*, 799 F.2d at 657.

## B. The Merits of Appellant's Appeal

Appellant raises two issues on this appeal. First, appellant urges reversal of the bankruptcy court's order denying them recovery of attorneys' fees and costs incurred while contesting the appellee's Chapter 13 bankruptcy proceeding. Second, appellant appeals the bankruptcy court's order confirming appellee's Chapter 13 bankruptcy plan without requiring appellee to reimburse appellant for the payment of taxes and insurance premiums incurred by them while preserving their rights in the mortgaged property. The court will analyze each issue in their respective order.

### 1. Attorneys' Fees and Costs

Appellant notes that the allowance of secured claims in a bankruptcy proceeding is governed by 11 U.S.C. § 506. Section 506(b) states in pertinent part that:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.[1]

11 U.S.C. § 506(b) (1994). In order to recover fees and costs under 11 U.S.C. § 506(b), the oversecured creditor must prove that: (1) it is oversecured; (2) its requested fees are reasonable; and (3) its right to recover fees is provided for in the underlying agreement. In re Williams, 183 B.R. 895, 897 (D.Kan.1995) (citing In re Salazar, 82 B.R. 538, 540 (Bankr.9th Cir.1987); In re Foertsch, 167 B.R. 555, 562 (Bankr.D.N.D.1994)).[2] Appellant stresses that appellee agreed to provide for such fees and costs under the terms of the promissory note and mortgage contract entered into by both parties. Appel-

lee on the other hand contends that: (1) the mortgage contract is unclear and does not specifically provide for attorneys' fees and costs while involved in a Chapter 13 bankruptcy proceeding, and (2) the amount of fees and costs requested by appellants are nonetheless unreasonable. The bankruptcy court agreed with appellee's contentions and denied appellant's request for attorneys' fees and costs.

The bankruptcy court acknowledged that 11 U.S.C. § 506(b) allows a party to recover attorneys' fees and costs as an oversecured creditor, when the security instrument so provides. (Findings of Fact & Conclusion of Law p. 4). The bankruptcy court continued by stating that the contract in question must expressly provide for the awarding of attorneys' fees to creditors in bankruptcy, and that the fees and costs provisions in the contract must be bargained for by the parties. Id. The bankruptcy court stated that any ambiguity in the contract must be interpreted against the drafter or against the party who supplied the contract. Id. (citing First Texas Sav. Ass'n. v. Comprop Inv. Properties Ltd., 752 F.Supp. 1568, 1571 (M.D.Fla.1990) (citations omitted); Advance Process Supply Co. v. Litton Indus. Credit Corp., 745 F.2d 1076 (7th Cir.1984); In re Kennedy Mortgage Co., 23 B.R. 466 (Bankr.D.N.J.1982); Thomson McKinnon Sec. Inc. v. Harris, 139 B.R. 267 (S.D.N.Y. 1992)). The bankruptcy court concluded in its order that "upon examination of the mortgage in this case, particularly paragraph 7, the court finds that the contract is entirely ambiguous as to whether attorneys' fees are provided for in a bankruptcy case involving the mortgagee .... Therefore, the court must fall back on the axiom of contract law and interpret this ambiguous contract against the drafter or supplier of the contract." Id. at p. 6–7. The bankruptcy court therefore denied appellant's motion for attorneys' fees and costs.

---

**1.** Subsection (c) is not applicable in this suit.

**2.** The question of whether appellant is an oversecured creditor is not contested on this appeal.

Additionally, the bankruptcy court found the mortgage contract to be a "contract of adhesion" because it was not bargained for, but rather, imposed on the mortgagee on a "take it or leave it" basis by the mortgagor. *Id.* at p. 5. That being the case, the bankruptcy court reasoned that an adhesion contract could not meet the requirements of 11 U.S.C. § 506(b) because the provisions for attorneys' fees were not bargained for by the parties. *Id.* at p. 6. Lastly, the bankruptcy court ruled that a Chapter 13 bankruptcy proceeding does not affect Lender's (appellant) rights in the mortgaged property. The bankruptcy court ruled that because appellant was not engaged in a legal proceeding which could affect their rights in the mortgaged property, as required in paragraph 7 of the mortgage contract, the provision allowing attorneys' fees and costs therefore was never triggered. *Id.*

 Under traditional principles of contract law, a bankruptcy court's interpretation of a mortgage agreement is a legal determination subject to *de novo* review. *In re Sublett,* 895 F.2d at 1384. Also, the initial question of whether the contractual language is ambiguous or not is itself a question of law. *Id.* (citing *International Brotherhood of Boilermakers v. Local Lodge D111,* 858 F.2d 1559, 1561 (11th Cir.1988); *accord In re Navigation Technology Corp.,* 880 F.2d 1491, 1495 (1st Cir.1989)). A contract term is ambiguous if it is reasonably susceptible to more than one interpretation. *Orkin Exterminating Co. v. Federal Trade Commission,* 849 F.2d 1354, 1360 (11th Cir.1988). But, an ambiguity cannot be created by the mere assertion of a party to it. The fact that the meaning of a contract term is disputed likewise reveals no ambiguity. *Id.* In examining a disputed contract provision, a court must examine the disputed terms in the context of the entire agreement, giving the words their plain and ordinary meaning as understood by a reasonable person. *International Brotherhood of Boilermakers,* 858 F.2d at 1562

(citing *Universal Towing Co. v. United Barge Co.,* 579 F.2d 1098, 1101 (8th Cir. 1978)).

To supplement the language of 11 U.S.C. § 506(b) already stated above, appellant cites to the language found in promissory note and mortgage contract themselves as evidence that attorneys' fees and costs would be paid for by appellee if appellant became involved in a legal proceeding which could significantly affect their rights in the property. In particular, appellant cites to the promissory note provision which states that appellant could recover "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." (¶ 8.4 from promissory note). Additionally, appellant cites to a provision in the mortgage contract which states that:

[I]f Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon note from lender to Borrower requesting payment.

(¶ 7 from mortgage contract). Appellant argues that these two provisions clearly and unambiguously allow them to collect

their proposed attorneys' fees and costs while contesting appellee's filing for Chapter 13 bankruptcy protection.

In support of their argument, appellant cites to numerous cases in which a secured creditor received attorneys' fees and costs provided for in their loan agreements in connection with representation in a bankruptcy proceeding. *See Dilts v. Mellon Bank, N.A. (In re Dilts),* 143 B.R. 644, 647 (Bankr.W.D.Pa.1992)(allowing attorneys' fees where the note provided for the payment of reasonable attorneys' fees "if suit is brought to collect this note"); *In re Nordmann,* 56 B.R. 634, 636 (Bankr.D.S.D.1986)(allowed recovery of attorneys' fees and costs incurred by the mortgagee during the pendency of a bankruptcy even though mortgage provision allowed recovery only for collection on the note, foreclosure or protection of a lien); *In re W.S. Sheppley & Co.,* 62 B.R. 279, 281 (Bankr.N.D.Iowa 1986)(allowed the recovery of attorneys' fees in a bankruptcy proceeding where the mortgage provision entitled recovery of "all . . . reasonable attorney fees incurred while . . . collecting or enforcing this note or in protecting said security"); *Matter of Salisbury,* 58 B.R. 635, 638 (Bankr.D.Conn.1985)(allowed recovery of attorneys' fees and costs where note stated that "in the event of default, Borrowers agree to pay reasonable attorney fees and reasonable foreclosure costs as set by court").

Appellee, in its brief urging affirmance of the bankruptcy court's order, claims that appellant is not entitled to attorneys' fees and costs for their involvement in the present dispute for three reasons. First, appellee argues that the terms and provisions of the promissory note and mortgage contract are vague and ambiguous in terms of whether appellant is entitled to attorneys' fees and costs under the present set of circumstances. Appellee states that any ambiguity in a contract is interpreted against the drafter or supplier of the contract. *First Texas Sav. Ass'n,* 752 F.Supp. at 1571. Appellee also argues

that the contract is ambiguous and that the alleged provisions awarding fees and costs were not written with enough specificity to warrant granting attorneys' fees and costs to appellant. *In re LaRoche,* 115 B.R. 93, 95 (Bankr.N.D.Ohio 1990)(allowance of attorneys' fees and costs must be expressly provided for in the agreement in order to recover under 11 U.S.C. § 506); *In re Schwartz,* 87 B.R. 41 (S.D.Ohio 1988)(mortgage provision lacked specificity required for awarding fees under 11 U.S.C. § 506(b)).

The court agrees with appellee that ambiguous terms in a contract are generally construed against the drafter or provider of the contract. The court, however, finds that the language stated in paragraph 8.4 of the promissory note and paragraph 7 of the mortgage contract clearly and unambiguously entitles appellant to attorneys' fees and costs while contesting appellee's bankruptcy proceeding. Appellant correctly notes that the rules of contractual interpretation can not override the clear and unambiguous language of the contract. *Voelker v. Combined Ins. Co. of America,* 73 So.2d 403, 408 (Fla.1954). *See also, Dickerson Florida, Inc. v. McPeek,* 651 So.2d 186, 187 (Fla.Dist.Ct. App.1995)(when the contract is clear and unambiguous, the court must give effect to its clear provisions). Paragraph 8.4 states that Debtors (appellee) agree that Bank (appellant) could recover "all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." Additionally, paragraph 7 of the mortgage contract states that:

> [I]f Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in **bankruptcy**, probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect

the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable **attorneys' fees** and entering on the Property to make repairs.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon note from lender to Borrower requesting payment.

(¶ 7 from mortgage contract)(emphasis added). As mentioned previously, the court is able to review the contract provisions *de novo,* and determine for itself whether the contractual language is ambiguous or not. *In re Sublett,* 895 F.2d at 1384; *accord International Brotherhood of Boilermakers,* 858 F.2d at 1561. Following such a review, the court concludes that paragraph 8.4 of the promissory note and paragraph 7 of the mortgage contract are not ambiguous and will give the provisions their plain and ordinary meaning. The court can not envision how these two provisions can be susceptible to more than one interpretation. Both provisions clearly set forth the rights and responsibilities of both parties. The promissory note explicitly states that appellant is entitled to recover all costs and expenses incurred while enforcing the note, including reasonable attorneys' fees. Likewise, the mortgage contract clearly states that if there is a legal proceeding that may significantly affect appellant's rights in the mortgaged property, such as a proceeding in bankruptcy, then appellant may take such action as necessary to protect its rights in the property, including paying reasonable attorneys' fees, which will become the additional debt of appellee. Accordingly, the court finds that appellant is entitled to reasonable attorneys' fees and costs for

their efforts in contesting appellee's filing for Chapter 13 bankruptcy protection.

Second, appellee argues that because they voluntarily filed for Chapter 13 protection, their actions did not constitute an "enforcement" proceeding in which appellant's property rights were at stake and thus the fees and costs provisions of the promissory note and mortgage contract were never triggered. Appellee claims that Congress enacted Chapter 13 to "provide a highly desirable method for dealing with the financial difficulties of individuals. It creates an equitable and feasible way for the honest and conscientious Debtor to pay off the debts rather than having them discharged in bankruptcy." *In re Saylors,* 869 F.2d 1434, 1436 (11th Cir.1989). Appellee argues that Chapter 13 proceedings act as a voluntary cure of arrearage and thus should not be deemed an enforcement proceeding entitling appellants to recoup their fees and costs. Similarly, appellee claims that under a Chapter 13 bankruptcy, the debtor's plan must provide for payment of the debt in full and allow for foreclosure in the event that appellee defaults in the Chapter 13 "cure" efforts. Thus, they claim that appellant's rights in the property as mortgage holder are not affected by a Chapter 13 proceeding and thereby appellant had no legal reason to contest the bankruptcy filing. Appellee argues that since appellant was not involved in a legal proceeding which could significantly affect their rights in the mortgaged property, that appellant should not be entitled to attorneys' fees and costs for their needless actions.

Appellant argues to the contrary. Appellant stresses that their bank loan to appellee has been in default since 1991. Additionally, they assert that appellee has already failed to perform under their first court approved plan of reorganization under Chapter 13 protection and now is seeking further protection by filing a second Chapter 13 bankruptcy proceeding. In light of those circumstances, appellant argues that they were justified in seeking

relief from the automatic stay and being granted permission to proceed with foreclosure to protect their security interest in the mortgaged property. Appellant claims that because it is not allowed to foreclose its mortgage on the property unless it obtains relief from the automatic stay, an automatic stay as a result of filing for Chapter 13 protection severely affects its rights in the property. 11 U.S.C. § 362(a) (1994). The court agrees with appellant's arguments and finds that appellee's filing for Chapter 13 bankruptcy protection did in fact constitute a legal proceeding which could significantly affect appellant's rights in the mortgaged property. Due to appellee's poor track record, appellant's concerns were justified and their efforts in seeking relief from the bankruptcy court's automatic stay constituted a legal proceeding which could significantly affect their rights in the mortgaged property. Thus, appellant is entitled to attorneys' fees and costs as provided for in the promissory note and mortgage contract.

Lastly, appellee cites to the bankruptcy court's order stating that the mortgage contract entered into in this present dispute was a contract of adhesion and therefore argues that the contract provisions allegedly granting attorneys' fees and costs should not be enforced. An adhesion contract is usually defined as a standardized contract form offered to consumers of goods and services on essentially a "take it or leave it" basis where the weaker party has no realistic choice as to its terms. *Black's Law Dictionary* 40 (6th ed.1990). Without reaching a conclusion of whether the mortgage contract in this case constitutes a contract of adhesion, the court finds that because the terms and provisions of the contract are clear and unambiguous, that the plain and ordinary meaning must be given to paragraph 8.4 of the promissory note and paragraph 7 of the mortgage contract. The court notes that a recent Florida court, while analyzing an insurance contract, explained that:

> [A] court may resort to construction of a contract of insurance only when the language of the policy in its ordinary meaning is indefinite, ambiguous or equivocal. If the language employed in the policy is clear and unambiguous, there is no occasion for construction or the exercise of a choice of interpretations. In the absence of ambiguity, waiver or estoppel, contravention of public policy or positive law, it is the function of the court to give effect to and enforce the contract as it is written.... Florida courts adhere to the principles that a court should not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract.

*State Farm Fire & Cas. v. Deni Assoc.*, 678 So.2d 397, 401 (Fla.Dist.Ct.App.1996) (citing *United States Fire Ins. Co. v. Morejon*, 338 So.2d 223, 225 (Fla.Dist.Ct.App. 1976), *cert. denied*, 345 So.2d 426 (Fla. 1977)).[3] Appellant asserts that the bankruptcy court's order from which this appeal is taken would seem to bar the recovery of attorneys' fees and costs in a bankruptcy or any other legal proceeding regardless of how clear and unambiguous the mortgage contract language read. The court can not agree with this view. The court feels that full meaning and effect should be given to the words in the contract and hold appellee liable for reasonable attorneys' fees and costs associated with appellant's work contesting appellee's Chapter 13 bankruptcy proceeding. Accordingly, the bankruptcy court's order denying appellant attorneys' fees and costs is reversed and the case is remanded to the bankruptcy court to determine a reasonable amount.

### 2. Taxes and Insurance

Appellant also appeals the bankruptcy court's order confirming appellee's Chapter 13 bankruptcy plan without requiring

---

**3.** Because the court finds that mortgage contracts are similar in nature to insurance contracts, it feels that examining analogous case law concerning insurance contract interpretation is helpful in the present situation.

appellee to reimburse appellant for property taxes and insurance premiums incurred by them while preserving their rights in the mortgaged property. The bankruptcy court instructed appellant that they would have to file a separate claim if they wished to recoup these monies. Appellant counters that the reimbursement should have been expressly provided in the bankruptcy plan itself, and because it was not, will only lead to future litigation following the final payment under the plan.

In the bankruptcy court's order denying appellant's motion for attorneys' fees and costs, they did not address appellant's argument requesting reimbursement for their advancement of taxes and insurance on the mortgaged property. Therefore, the court will review the submitted documents *de novo* to reach its conclusion. In earlier papers submitted to the bankruptcy court, appellee admitted that they were not paying the taxes on the property, even though it was required under the terms of the mortgage contract. Appellee argues however that appellants never filed a proper claim requesting reimbursement from the bankruptcy court and thus should be barred from seeking reimbursement now. Appellant counters that in an effort to preserve its secured lien, appellant paid the insurance and taxes for the mortgaged property. *See* 11 U.S.C. § 1325(a)(5)(B)(i). Appellant also argues that it did file a proper claim seeking reimbursement when it submitted its Claim 22, because "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *See* Rule 3001(f) of the Rules of Bankruptcy Procedure.

■ The court feels that by appellant paying the taxes and insurance premiums on the mortgaged property without any reimbursement from appellee would constitute appellee receiving unjust enrichment. In the case of *In re Stendardo*, the United States Court of Appeals for the Third Circuit denied the appellant's motion for reimbursement of taxes and insurance.

The *Stendardo* court noted that the debtor "clearly would have received an enormous benefit if FNMA (bank) had not foreclosed and the Mortgage were still in effect because, at that time, they would have still had a legal obligation to pay the Expenses." *In re Stendardo*, 991 F.2d 1089, 1100 (3rd Cir.1993). The only reason the *Stendardo* court did not require debtor to reimburse the bank for advancing the tax and insurance expenses was because the bank had already obtained a foreclosure judgment against the debtor. The *Stendardo* court stated that at the time the foreclosure judgment was entered, the debtors were no longer mortgagors and therefore they did not benefit from the post-judgment payment of the taxes and insurance premiums at issue. *Id.* Because appellant has not already received a foreclosure judgment in the present action, the court finds that appellee did in fact receive a substantial benefit from appellant by having them pay property taxes and insurance premiums on the mortgaged property. Accordingly, the court orders that appellee pay appellant full restitution for these expenses to be determined by the bankruptcy court.

## III. Conclusion

The court finds that the paragraph 8.4 of the promissory note and paragraph 7 of the mortgage contract are clear, unambiguous and not susceptible to more than one interpretation. By utilizing common contract interpretation principles of affording the contract language their plain and ordinary meaning, the court finds that appellant is entitled to attorneys' fees and costs incurred while contesting appellee's filing for Chapter 13 bankruptcy protection. Additionally, the court finds that the bankruptcy court erred by approving the bankruptcy plan without requiring appellee to reimburse appellant for paying taxes and insurance premiums on the mortgaged property while appellee was unable to do so. Accordingly, the judgment of the bankruptcy court is **REVERSED** and **RE-**

**MANDED** for further proceedings consistent with this order.