**In re Michael WILLE, Debtor.**

**No. 04–BK–00765–JAF.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 3, 2005.

David L. Schrader, for Creditor.

Leon M. Boyajan, II, Inverness, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This case came before the Court upon Creditor's Motion for Imposition of Sanc-

tions Against Debtor, His Estate, Successors and/or Heirs and Debtor's Counsel ("Creditor's Motion for Sanctions").[1] Leon Boyajan represented Debtor. The Court conducted a hearing on April 13, 2005 at which it received evidence from Sherry Wille ("Creditor"), David Schrader ("Mr.Schrader"), attorney for the Creditor, and Leon Boyajan ("Mr.Boyajan"), attorney for Michael Wille ("Debtor"). In lieu of oral argument, the Court directed the parties to submit memoranda in support of their respective positions. Upon the evidence and arguments of parties, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor filed for chapter 7 bankruptcy relief on January 26, 2004 and received a discharge on May 12, 2004. On November 12, 2004 Mr. Boyajan filed a Motion to Reopen Debtor's case for purposes of avoiding the lien of Creditor. On November 16, 2004 the Court granted Debtor's Motion to Reopen the case and allowed Debtor 30 days to file a Motion to Avoid Lien. Debtor died on November 24, 2004. Mr. Boyajan filed the Motion to Avoid Lien on December 3, 2004. On December 7, 2004 the Court entered an order striking the Motion to Avoid Lien because Mr. Boyajan did not correctly sign the motion.

On December 21, 2004 Mr. Boyajan filed a second Motion to Avoid Lien. Mr. Boyajan attached to the Motion to Avoid Lien an affidavit signed by Debtor dated November 13, 2004. On January 10, 2005 Mr. Schrader filed a Motion to Strike Debtor's Motion to Avoid Lien and an Objection to Debtor's Motion to Avoid Lien on behalf of Creditor and provided Mr. Boyajan with notice Debtor passed away in November 2004. On February 7, 2005 Mr. Schrader and Creditor sent Mr. Boyajan a 21–day notice of intent to file a Motion for Sanctions unless Mr. Boyajan withdrew the Motion to Avoid Lien. The Court scheduled a hearing for March 2, 2005 to hear Debtor's Motion to Avoid Lien and Creditor's Motion to Strike Debtor's Motion to Avoid Lien.

As of March 2, 2005, Debtor's successors had not opened a probate estate on behalf of Debtor. Mr. Boyajan withdrew the Motion to Avoid Lien on March 2, 2005, thereby canceling the hearing. At 9:58 a.m. the day of the hearing Mr. Boyajan informed Mr. Schrader's office the hearing was cancelled. Mr. Schrader practices law in St. Petersburg and Creditor lives in Lecanto, north of St. Petersburg. Neither Mr. Schrader nor Creditor received actual notice Mr. Boyajan cancelled the hearing. Mr. Schrader and Creditor arrived in Jacksonville and were advised the hearing was cancelled.

Mr. Schrader and Creditor seek sanctions against Mr. Boyajan for the expenses incurred preparing for and traveling to the cancelled hearing. Creditor incurred expenses totaling $686.78 for gas, a rental car, new clothes, lost wages, lunch and parking. Mr. Schrader requests $8,410.00 for legal fees and $191.05 for costs incurred during his representation of Creditor up to March 8, 2005. Mr. Schrader expected to incur an additional $2,500.00 in legal fees and $100.00 in costs for the Motion for Sanctions and requests that amount as well. Mr. Schrader charged Creditor $250.00 an hour for his time, $100.00 an hour for his paralegal's time and billed Creditor for costs associated with his representation.

---

1. David Schrader, attorney for Creditor, concedes in Creditor Sherry Wille's Reply to Attorney Boyajan's Response to Motion for Sanctions that sanctions can only be imposed against Leon Boyajan in this case.

## CONCLUSIONS OF LAW

The "American Rule" requires each litigant to bear the cost of his or her own legal fees and expenses. The exception to this is by statute or if the parties agree otherwise. *In re Woodham*, 174 B.R. 346, 348 (Bankr.M.D.Fla.1994) (citations omitted). The Court will apply Florida Statute § 57.105(1)(a) to impose sanctions in this case. Florida Statute § 57.105(1)(a) provides the following:

(1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

  (a) Was not supported by the material facts necessary to establish the claim or defense.

FLA. STAT. ch. 57.105(1)(a)(1999).

*In re Riser*, the Court found that $200.00 an hour constitutes a reasonable hourly rate when imposing sanctions. 298 B.R. 469, 474 (Bankr.M.D.Fla.2003). Mr. Schrader argues that at a minimum the Court should impose sanctions for the attorney's fees and costs incurred after February 7, 2005 against Mr. Boyajan.

The Court finds it appropriate to award Mr. Schrader attorney's fees and costs incurred after Mr. Boyajan received notice that Mr. Schrader and Creditor intended to request sanctions against Mr. Boyajan if he did not withdraw the Motion to Avoid Lien. The Court will not impose sanctions for Mr. Schrader's anticipated costs for the hearing on Mr. Schrader's Motion for Sanctions. Once Mr. Boyajan received notice his client passed away, he knew that in order to proceed with the Motion to Avoid Lien, Debtor's successors needed to open a probate estate on behalf of Debtor. Mr. Boyajan choose not to withdraw the Motion to Avoid Lien until after Mr. Schrader spent significant time defending the Motion.

Mr. Schrader presented evidence he spent approximately 19.8 hours defending the Motion after February 7, 2005. The Court finds that Mr. Schrader could have adequately prepared for the Motion in 13 hours. Therefore, the Court sanctions Mr. Boyajan $2,600.00 in attorney's fees to be reimbursed to Mr. Schrader. The Court imposes sanctions against Mr. Boyajan payable to Mr. Schrader in the amount of $99.50 for costs associated with defending the Motion to Avoid Lien. The Court orders Mr. Boyajan to reimburse Creditor $181.06 for gas expenses, lost wages and parking costs incurred on March 2, 2005. The Court imposes sanctions against Mr. Boyajan for a total of $2,880.56.

## CONCLUSION

The Court imposes sanctions against Mr. Boyajan pursuant to Florida Statute § 57.105(1)(a) for his failure to timely withdraw the Motion to Avoid Lien. The Court will enter a separate judgment in accordance with these Findings of Fact and Conclusions of Law.

1. Judgment is entered in favor of David Schrader and Creditor, Sherry Wille and against Leon Boyajan.

2. Leon Boyajan shall pay David Schrader $2,699.50 and Sherry Wille $181.06 as sanctions. Said sum is to be paid within 45 days from the date of this order. If said sum is not paid as ordered, upon affidavit of default by Sherry Wille

or David Schrader, the Court will enter a judgment for the amount due.