**In the Matter of NEIL PROPERTIES, INC., a California corporation, Bankrupt.**

**No. 160324–PH.**

United States District Court,
S. D. California, C. D.
Feb. 28, 1966.

Hubert F. Laugharn, of Craig, Weller & Laugharn, Los Angeles, Cal., for Glendale Federal Savings & Loan Ass'n.

Bernfeld & Cohen, Los Angeles, Cal., for Irving Bass.

### ORDER ON PETITION TO REVIEW RE ATTORNEYS' FEES

PEIRSON M. HALL, District Judge.

The above matter was filed as a Chapter XI proceeding on August 29, 1963, but failing to complete its plan of arrangement, an order of adjudication was made on February 18, 1964. The matter is before this Court on a petition by the attorneys for Glendale Federal Savings and Loan Association to review an allowance of attorneys' fees in the sum of $3,500 on the attorneys' request for $12,500.

Before reaching the merits, it is necessary to advert to a contention made by the attorneys for the Trustee who are opposing the review. Counsel for the Trustee contend that the Court is limited in its determination on a review to only the status of the case at the time it was before the Referee. This is not the law. That the Court may take judicial notice of its own files and records is so deeply

imbedded in the law that it needs no citation of authority.

Adverting to the files and records, it is found that Neil Properties is a corporation; that its stockholders are Ben Neil who owned 50% of the stock and Eve Margaret Neil, his wife, who owned the other 50%; that the principal property of the corporation was real estate upon which the Glendale Federal Savings and Loan Association had a trust deed which was in default, securing a debtor's promissory note in the original amount of $2,200,000. The debtor was also in default for nonpayment of taxes.

During the course of the bankruptcy proceedings the property was sold for a sum in excess of the encumbrance of Glendale Federal Savings and Loan Association, so that after paying all general unsecured creditors of the estate in full, as well as the secured, except for the instant claim, the Trustee now has on hand approximately $224,000.

From the beginning of the bankruptcy proceedings the attorneys for the Glendale Federal Savings and Loan Association appeared and vigorously participated by every means they could to protect the interest of their client. At no time did the attorneys for the Glendale Federal Savings and Loan Association pretend to be acting for and on behalf of the bankrupt estate or the other creditors, but at all times vigorously and continuously asserted the rights which they claimed existed in their client under the note and trust deed.

The principal point raised by the petitioners is that the Referee, in fixing the fee, fixed the fee in relationship to the benefit that the attorneys for the Glendale Federal Savings and Loan Association gave to the estate. Repeated references are made in the Memorandum Opinion filed by the Referee on February 10, 1965 on the allowance of fees to that fact. It is unnecessary to refer to all of them, but one statement from page 7 of that Memorandum is illustrative. It is as follows:

"The amount by which the estate has been enriched or enhanced is the— or at least one of the—principle considerations in fixing the amount of attorneys fees."

Neither the petitioners nor this Court can quarrel with that principle were there under consideration the matter of attorneys' fees for Trustee, or for a bankrupt, or for a receiver, or otherwise one connected on the official side with the administration of the estate. Nor can there be any quarrel with the proposition that it is the duty of the courts to protect the estates from "vicarious generosity" in the matter of attorney's fees.

The Referee recognized that the allowance which petitioners were seeking was not for "constructive" services to the estate, but he referred to them as "negative" services, that is to say, they were doing everything they could to protect the rights of their client which were adverse to the interest of the bankrupt estate and the other creditors.

Throughout the proceedings and files it is reflected that everyone recognizes that the Glendale Federal Savings and Loan Association was a secured creditor and entitled to all of the things which their trust deed and note secured, one of which is reasonable attorneys' fees.

The Referee, in acting on the petition for attorneys' fees, was in error in fixing their fees with relationship to the benefit of their services to the bankrupt estate. What was before the Referee was the proposition of fixing reasonable attorneys' fees under a secured contract which Glendale Federal Savings and Loan Association had a right to have enforced. And in view of the fact that all unsecured creditors have been paid, as well as all secured creditors (except the balance due on attorneys' fees for Glendale Federal Savings and Loan Association), the duty of the Referee was to fix the value of attorneys' fees to Glendale Federal Savings and Loan Association.

No evidence was taken as to the value of attorneys' fees, but the petitioners attached to their petition an itemized list of the time devoted by them in connection with enforcing the rights of their client Glendale Federal Savings and Loan Association in the bankruptcy court. The time totaled 250 hours.

While the Referees are to be allowed wide discretion in the matter of allowance of attorney's fees, and that discretion should not be disturbed unless for good cause, nevertheless in this case it seems to me that the allowance of $3,500 to counsel for 250 hours, recovering an obligation which, together with interest, amounts to $2,259,000, is woefully inadequate and an abuse of discretion. It amounts to $14 an hour. That this is hardly a reasonable sum is indicated by the fact that Congress, in fixing the hourly fee for appointed attorneys under the Criminal Justice Act of 1964, fixed $15 an hour.

It is about 2%.

About 7% was allowed in United States v. Sampsell, 153 F.2d 731 (9 Cir. 1946); 10% in Security Mortgage v. Powers, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928); over 20% in Sampsell v. Monell, 162 F.2d 4 (9 Cir. 1947), wherein the court adopted In re Osofsky (D.C.), 50 F.2d 925, 927, as laying down certain elements to be taken into consideration in fixing fees, as follows:

> " '(1) The time which has fairly and properly to be used in dealing with the case; because this represents the amount of work necessary. (2) The quality of skill which the situation facing the attorney demanded. (3) The skill employed in meeting that situation. (4) The amount involved; because that determines the risk of the client and the commensurate responsibility of the lawyer. (5) The result of the case, because that determines the real benefit to the client. (6) The eminence of the lawyer at the bar, or in the specialty in which he may be practicing.' "

Taking all of those elements into consideration in this case the Court finds that the requested allowance of $12,500 to the attorneys for Glendale Federal Savings and Loan Association to do the work they did in this matter is reasonable and to allow less would be an abuse of discretion.

In Los Angeles County the Superior Court has adopted the local rule for computing reasonable attorney's fees. Under that rule, using $2,100,000 as the basis for computation, the petitioners would be allowed a total of $25,179, computed as follows:

| Principal | Rate | Fee |
|---|---|---|
| a) 1st $1,000 | 15% | $150 |
| b) next $9,000 | 6% | 540 |
| c) next $40,000 | 3% | 1,200 |
| d) next $50,000 | 2% | 1,000 |
| e) remaining $2,000,000 | 1% | 20,000 |
| | Total .... | $22,890 |

Then $22,890 multiplied by 10% (see Section 2 of Rule 12 for 10% increase) equals $22,890 plus $2,289, or $25,179.

There is another reason why the Referee's order should be reversed and the allowance increased. Bankruptcy is an equitable proceeding. In this case the corporate defendant is owned entirely by a man and his wife. By virtue of the bankruptcy laws they have been able to pay all of the debts of the corporation and will have returned to them approximately $200,000 after paying the expenses of administration. The obligation of the trust deed and note was to pay reasonable attorneys' fees. To let the $3,500 allowance stand would be to take from Glendale Federal Savings and Loan Association $9,000 which rightfully belongs to it for payment of their attorneys' fees and give it to the bankrupt, which in the view of this Court would be unjust enrichment and inequitable.

In view of the foregoing it is the judgment and order of the Court that the order of the Referee is reversed and the sum of $12,500 is hereby fixed and is ordered allowed and paid as reasonable attorneys' fees to petitioners in the within matter.