**In re Ben S. DOMINGUEZ, Jr. and Lupe L. Dominguez, Debtors.**

**GREAT WESTERN SAVINGS, etc., Movant,**

**v.**

**Ben S. DOMINGUEZ, Jr., Lupe L. Dominguez, and Delbert Oros, Trustee, Respondents.**

**Bankruptcy No. SB 84–03664 WH. Ref. No. M5–0531 WH.**

United States Bankruptcy Court, C.D. California.

July 26, 1985.

---

### AMENDED MEMORANDUM
### OF DECISION

DAVID N. NAUGLE, Bankruptcy Judge.

Movant, Great Western Savings ("Great Western"), has submitted a claim for attorney's fees in the amount of $3,297.55 for services performed in relation to its action for relief from the automatic stay. Eleven U.S.C. § 506(b) states that the holder of an "oversecured" claim "shall be allowed ... any reasonable fees, costs or charges provided for under the agreement under which such claim arose." Great Western's promissory note and deed of trust both provide for the recovery of "reasonable" attorney's fees expended in protecting its security interest. In awarding attorney's fees under § 506(b), this Court possesses the inherent discretion to review any such award for potential abuse of this right. See *In re Carey*, 8 B.R. 1000, 1004 (Bkrptcy.S.D.Cal.1981).

The accounting statement for attorney's fees provided by Great Western's counsel, the law firm of Alvarado, Rus & McClellan, can be divided into two classes: (1) expenses incurred in the action for relief from the automatic stay, and (2) expenses generated in preparing and justifying the

application for attorney's fees. In Great Western's action for relief from the automatic stay, its legal representative expended 5.2 hours of paralegal time at a cost of $223.50 and 9.7 hours of attorney time at a cost of $1,115.50. In its application for attorney's fees, 16.25 hours of attorney time were expended at a cost of $1,868.75. In summary, it required 14.9 hours at a cost of $1,339.00 for Great Western to protect its rights as a secured creditor; in advancing its application for attorney's fees, 16.25 hours of straight attorney time were required at a cost of $1,868.75.

■ A secured creditor with a right to indemnification under § 506(b) for its costs and attorney's fees receives more favorable treatment than a bankruptcy fee applicant. See *In re Neil Properties, Inc.*, 360 F.Supp. 914 (S.D.Cal.1966). *Cf. In re Johnson*, 756 F.2d 738, 741 n. 3 (9th Cir.1985). The quality of the work produced by Alvarado, Rus & McClellan is not at issue; it is uniformly excellent, as is the learned brief submitted by the firm. On review of the case file, it is clear that the attorney's fees and costs incurred by Great Western in its complaint for relief from the automatic stay were directly applicable to protecting and enforcing its rights as a secured creditor, were actually and necessarily incurred, and were reasonable in time and amount and thus satisfy the factors to be considered in awarding fees as set forth in *In re Carey*, 8 B.R. at 1004. However, the expenses incurred in preparing the attorney's fees application require closer scrutiny.

Awards for fee applications in bankruptcy cases were approved in the decision of *Rose Pass Mines, Inc. v. Howard*, 615 F.2d 1088 (5th Cir.1980) providing such factors as reasonableness and economy were first considered. The court reasoned that since attorneys were required to file a detailed account of the legal services provided in order to recover any compensation, "[i]t would be unduly penurious to require such an accounting without granting reasonable compensation." *Id.* at 1093. The United States Court of Appeals for the Ninth Circuit has also ruled favorably on fee application awards in the recent case of *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985).

■ In awarding fee preparation expenses, the time expended should bear a reasonable relationship to the dispute and amounts involved. Normally a secretary or paralegal should be able to amass a computer printout of billings, complete a standard form application and submit the draft to the responsible attorney with a few hours work. The attorney, after a couple of hours of correction, amplification and allocation, can return the final draft for preparation and submission to the court, with a brief appearance at the hearing on fee applications. In this case, however, the Debtors have had the ability to "stanch the bleeding" by paying or agreeing to pay Great Western's attorney's fees, but instead they have resisted payment and have filed and dismissed two bankruptcy cases while frustrating Great Western's efforts to use its foreclosure remedies.

■ In addition, the economy of the fee application time must be considered. Since the research and brief prepared by Alvarado, Rus & McClellan will benefit all of its secured creditor business, it would not be equitable to impose the total cost on these debtors alone.

Accordingly, Great Western shall recover $89.80 in costs as prayed, plus $2,678.00 in attorney's fees, representing $1339.00 for the automatic stay litigation and an equal amount from the $1,868.75 (plus appearance on June 18, 1985) expended by Alvarado, Rus & McClellan in enforcing Great Western's right to collect its attorney's fees.

Counsel for Great Western shall lodge a proposed order determining reasonable attorney's fees and costs to be $2,678.00 plus $89.80, or $2,767.80 total to date. If further time is required to receive its costs

and fees, Great Western may apply for a supplemental order.