**In re Andy J. SALAZAR, Debtor.**

**MERITOR MORTGAGE CORPORATION, WEST, formerly P.S.F.S. Mortgage Corporation, West, Appellant,**

**v.**

**Andy J. SALAZAR, Debtor and Curtis Danning, Trustee, Appellees.**

**BAP No. CC 86–1980 MoMeJ.**
**Bankruptcy No. LA 86–07121 GM.**
**Adv. No. M6–04398 GM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument *
May 18, 1987.

Decided Sept. 3, 1987.

---

* The Panel finds this case appropriate for submission without argument pursuant to Ninth Cir-

cuit BAP Rule 3 and Bankruptcy Rule 8012.

Mark K. Worcester, Randall A. Smith, Alvarado, Rus & McClellan, Orange, Cal., on briefs for appellant.

Jerrold S. Freed, Curtis Danning, Danning, Gill, Gould, Diamond & Spector, Los Angeles, Cal., for appellees.

Before MOOREMAN, MEYERS and JONES, Bankruptcy Judges.

## OPINION

MOOREMAN, Bankruptcy Judge:

Meritor Mortgage Corporation, West ("Meritor") appeals from an order of the bankruptcy court refusing Meritor's request for reasonable attorney's fees under section 506(b) of the Bankruptcy Code.

The trial court's order denying attorney's fees to the appellant was expressly predicated on the Ninth Circuit case of *In re Johnson*, 756 F.2d 738 (9th Cir.1985). After reviewing the trial court's Finding's of Fact and Conclusions of Law, we conclude that the *Johnson* decision is inapplicable to the instant case.

## FACTS

The bankruptcy court made the following findings of fact which are undisputed on appeal.[1] The Debtor is the owner of record on a certain piece of real property. Meritor held a first Deed of Trust on the subject property in the amount of $72,885.72. The total liens against the property amounted to $84,883.73. The debtor filed for relief under Chapter 7 on April 24, 1986, and on July 31, 1986 was in default on payments on a promissory note secured by the Deed of Trust. The debtor's schedules listed the subject property with a fair market value of $80,000 and under 11 U.S. C. § 506(b), Meritor is an oversecured creditor. Both the note and the deed of trust provide by their terms for the payment of attorney's fees by the obligor in the event legal action is instituted on the note.

Meritor filed with the bankruptcy court a Motion For Relief From Automatic Stay on July 8, 1986. After a hearing on the matter, the trial court entered an order on October 9, 1986, terminating the automatic stay, but specifically ordered that Meritor was not entitled to attorney's fees. In the trial court's Conclusions of Law it states:

> [Meritor], under *In re Johnson*, 756 F.2d 738 (1985) is not entitled to recover the attorneys' fees incurred by it in the within Motion proceeding.
>
> ... [E]xcept for this Court's finding that [Meritor's] request for attorneys fees is barred by *In re Johnson, supra*, [Meritor] would otherwise be entitled to recover such fees under 11 U.S.C. Section 506(b).

Appendix to Appellant's Opening Brief, Exhibit D.

## DISCUSSION

This Panel will review a bankruptcy court's conclusions of law *de novo*. *Anderson v. City of Bessemer*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

---

1. The appellees have failed to file a responsive brief on this matter.

Section 506(b) of the Bankruptcy Code states:

> (b) To the extent an allowed secured claim is secured by property the value of which, . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim interest on such claim and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b).

Although section 506(b) does not use the specific language of "attorney's fees," the legislative history "make[s] it quite clear that attorneys [sic] fees and costs that are agreed to by contracting parties are to be allowed an oversecured claimant regardless of contrary law." *In re Carey*, 8 B.R. 1000, 1004 (Bankr.S.D.Cal.1981) (*see* extensive discussion on the legislative history of section 506(b)). Further, this Panel has held that "when fees are provided for in the underlying agreement, and when the creditor is oversecured, allowance of the attorney's fees is mandatory." *In re Dalessio*, 74 B.R. 721 (9th Cir. BAP 1986).[2]

■ Thus, under section 506(b) four elements must be met in order to recover attorney's fees when bringing a motion to lift the automatic stay: 1–it is an allowed secured claim; 2–the creditor is "oversecured;" 3–the fees are "reasonable" under the circumstances; and 4–the fees are provided for under the agreement. In the instant case, the undisputed facts conclusively establish that Meritor is an oversecured creditor of an allowed secured claim and that the underlying note and deed of trust provided for attorney's fees. Accordingly, the only issue before this Panel is whether *In re Johnson, supra*, prohibits such an award.

In the *Johnson* case, the *debtors* requested attorneys' fees under California Civil Code section 1717 for having successfully opposed a motion for relief from the automatic stay brought by a real property secured creditor. As a basis for its deci-

sion, the Ninth Circuit stated, "[n]o federal statute provides for an allowance of attorneys' fees to the debtors in circumstances as in this case." 756 F.2d at 741. The issue of whether the *Johnson* court intended their decision to extend to cases involving oversecured creditors seeking fees under section 506(b), is put to rest by the court in note 3 of their decision. There the court expressly stated:

> The [debtors] argue that because the [secured creditors] may have been able to recover attorney's fees under 11 U.S.C. [section] 506(b), the debtors should be allowed to recover their attorney's fees. This argument is inapposite. *Section 506(b) concerns only the award of attorney's fees to oversecured creditors with a contractual right to reimbursement* and is not applicable to the [debtors]. *See In re Carey*, 8 B.R. 1000, 1002–04 (Bankr.S.D.Cal.1981) (court did not construe section 506(b) to incorporate state law on the availability of attorney's fees).

756 F.2d at 741 n. 3 (emphasis added).

## CONCLUSION

■ It is clear from the legislative history to section 506(b) that the Congressional intent was to allow oversecured creditors to recover reasonable attorney's fees when the underlying agreement so provided. Further, the Ninth Circuit Court of Appeals expressly recognized this important secured creditor's right and in no way intended that their decision in *In re Johnson, supra*, should be construed to negate such right.

We, therefore, hold that the bankruptcy court misapplied *In re Johnson* to the instant case. Accordingly, this Panel hereby VACATES that portion of the bankruptcy court's order which provides that Meritor is not entitled to a reasonable attorney's fees. Further, this matter is hereby REMANDED to the bankruptcy court to determine the extent to which Meritor's fees were reasonable and to award such fees as a

---

**2.** It is well recognized that in reviewing any award for fees the bankruptcy court possesses inherent discretionary powers and "will consider such factors as whether the attorneys [sic] fees and costs were incurred in an action reasonably calculated to protect creditors' rights." *In re Carey*, 8 B.R. at 1004; *see also In re Dominquez*, 51 B.R. 171 (Bankr. C.D.Cal.1985).

part of the secured claim payable out of the collateral.