**In re Rodney WILLIAMS and Georgia L. Williams, Debtors.**

**Bankruptcy No. 93–40369–12.**

United States Bankruptcy Court, D. Kansas.

Nov. 22, 1994.

William E. Metcalf, Metcalf & Justus, Topeka, KS, for debtors.

John H. Stauffer, Jr., Goodell, Stratton, Edmonds & Palmer, L.L.P., Topeka, KS, for City Nat. Bank.

Eric C. Rajala, Chapter 12 Trustee, Overland Park, KS.

### MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Motion for Allowance of Attorney's Fees filed by City National Bank & Trust ("City National"), and the objection thereto filed by Rodney Williams and Georgia L. Williams ("debtors"). A pretrial conference was held on June 20, 1994, at which time the Court took the matter under advisement.

City National appears by and through its attorney, John H. Stauffer, Jr. The debtors appear by and through their attorney, William Metcalf.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) and (O).

### FINDINGS OF FACT

There are no facts in dispute. City National is an oversecured creditor with an allowed secured claim, who has incurred $2,520 in attorney's fees and $145.73 in expenses for a total of $2,665.73 for the time period of March 12, 1993 (the date the debtors filed their bankruptcy petition) through March 31, 1994 (the date City National filed the instant motion for allowance of attorney's fees). The security agreement between City National and the debtors provides in pertinent part that:

> All Debtors agree to pay reasonable costs of collection upon default, including reasonable attorneys fees incurred in the collection of this Note and realizing on a security interest.

### CONCLUSIONS OF LAW

■ The gravamen of the debtors' objection is that despite its status as an oversecured creditor, City National is not entitled to attorney's fees under 11 U.S.C. § 506(b) because the services performed by City National's attorney are outside the scope of the compensable services provided for in the security agreement. The debtors rely on the language in § 506(b) that makes allowance of attorneys' fees contingent on a provision in their contract or agreement that the creditor is entitled to attorneys' fees. Section 506(b) states that:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges **provided for under the agreement under which such claim arose.**

11 U.S.C. § 506(b) (emphasis added).

■ Unless the agreement provides for attorneys' fees, an oversecured creditor is not entitled to attorneys' fees under § 506(b). See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The debtors contend that City National's activities in this bankruptcy proceeding, to wit: negotiating an adequate protection order and negotiating an agreeable plan of reorganization, do not constitute "collection" activities or "realizing" on collateral in the ordinary sense of those terms. City National did not collect its debt, nor did it foreclose upon its collateral.

■ However, the security agreement need not specifically provide for recovery of attorneys' fees incurred during a bankruptcy. First Brandon Nat'l Bank v. Kerwin–White, 109 B.R. 626, 632 (D.Vt.1990). As long as the language in the agreement is broad enough to cover all legal proceedings or actions, the Court should generally allow attorneys' fees incurred in the representation of an oversecured creditor in a bankruptcy. See, e.g., In re Salazar, 82 B.R. 538, 540 (9th Cir. BAP 1987) (finding that a relief from stay proceeding is a "legal action" contemplated in the parties' note and deed of trust); In re Mills, 77 B.R. 413, 417–18 (Bankr. S.D.N.Y.1987) (holding that "proceedings" or "actions" to collect debt are sufficient to make attorneys' fees compensable in bankruptcy).

■ On the other hand, when the language in the agreement is limiting, courts should not expand the scope of the provision for attorneys' fees. See, e.g., In re Nickleberry, 76 B.R. 413, 425 (Bankr.E.D.Pa.1987) (holding that where the agreement expressly provided that attorneys' fees were authorized only in "foreclosure proceedings," it should not be read to include any bankruptcy court process, including motions to obtain relief from the automatic stay or the filing of Proofs of Claim).

In this case, the security agreement provides for attorneys' fees associated with col-

lection including "collection of this Note and realizing on a security interest." The Court finds that City National's actions in this bankruptcy, although not resulting in the immediate collection of the note, furthered either its ultimate collection on the note or realization on its security interest. Any collection activities by City National were stayed upon the filing of the debtors' bankruptcy petition. City National thereafter endeavored to obtain adequate protection of the value of its collateral and to obtain a plan of reorganization that provided it with its collateral, or with the retention of its lien plus the value of the allowed amount of its claim. Those efforts, if not collection activities, were in the nature of protecting and realizing upon its security interest.

Furthermore, the Court concludes that City National's actions were necessary. When it obtained an order of adequate protection, it protected the value of its collateral against diminution or depreciation and thus protected its secured position. When it negotiated an acceptable plan of reorganization, it protected its security interest and further insured that it would either collect its note or realize upon its security interest. *See In re Le Marquis Assocs.*, 81 B.R. 576, 580 (9th Cir. BAP 1987) (holding that attorneys' fees incurred for prosecuting a relief from stay and challenging a proposed plan are compensable, if otherwise found reasonable).

The debtors make no specific objection to the reasonableness of the requested fees, but ask the Court to review the fees, in the event the Court finds that City National is entitled to recover attorney's fees. The Court having reviewed the fee application, finds that the claimed fees and expenses are reasonable, pursuant to *In re Permian Anchor Services, Inc.*, 649 F.2d 763, 768 (10th Cir.1981), which adopted the lodestar analysis set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), which looks to the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

**IT IS THEREFORE ORDERED BY THE COURT** that City National's Motion for Allowance of Attorney's Fees is GRANTED.

**IT IS FURTHER ORDERED BY THE COURT** that attorney's fees in the amount of $2,520 and expenses in the amount of $145.73 for the time period March 12, 1993 through March 11, 1994, are awarded to **John H. Stauffer, Jr. of Goodell, Stratton, Edmonds & Palmer,** for a total amount of **$2,665.73 in fees and expenses.**

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.