**In re Rodney WILLIAMS, Georgia L. Williams, Debtors.**

No. 94–4239–SAC.

Bankruptcy No. 93–40369–12.

United States District Court, D. Kansas.

June 8, 1995.

William E. Metcalf, Metcalf & Justus, Topeka, KS, for debtors/appellants Rodney Williams and Georgia L. Williams.

John H. Stauffer, Jr., David N. Harger, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for appellee City Nat. Bank & Trust Co.

Eric C. Rajala, Trustee, Overland Park, KS.

## MEMORANDUM AND ORDER

CROW, District Judge.

The sole issue in this bankruptcy appeal is whether a security agreement that requires the debtors to pay "reasonable attorney's fees incurred in the collection of this Note and realizing on a security interest" is for purposes of 11 U.S.C. § 506(b) an agreement that provides for payment of attorney's fees associated with negotiating a protection order and a plan of reorganization in a Chapter 12 bankruptcy. In an order filed November 22, 1994, the bankruptcy court held that the security agreement allowed for such fees and awarded the oversecured creditor, City National Bank & Trust ("City National"), $2,520 in attorney's fees. *In re Williams,* 174 B.R. 307, 308–09 (Bankr.D.Kan.1994). The debtors appeal. Because the district court finds that the pertinent language is unambiguous and that it provides for City National's recovery of attorney's fees, the district court affirms the bankruptcy court.

## RELEVANT BANKRUPTCY CODE PROVISION

 Section 506(b) of the Bankruptcy Code provides:

> To the extent an allowed secured claim is secured by property the value of which, ... is greater than the amount of such claim, there shall be allowed to the holder of such claim interest on such claim and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

11 U.S.C. § 506(b). This section entitles an oversecured creditor to recover reasonable attorney's fees if the recovery is expressly provided for in the security agreement. *In re Auto Specialties Mfg. Co.,* 18 F.3d 358, 360 (6th Cir.1994); *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *Matter of Pointer,* 952 F.2d 82, 89 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992). To prevail on this claim, the oversecured creditor must prove that: (1) it is oversecured; (2) its requested fees are reasonable; and (3) its right to recover fees is provided for in the underlying agreement. *In re Salazar,* 82 B.R. 538, 540 (Bankr. 9th Cir.1987); *In re Foertsch,* 167 B.R. 555, 562 (Bankr.D.N.D.1994). The third element is the only issue on appeal.

## STANDARD OF REVIEW

 The district court sits as an appellate court in this proceeding. *See* Bankruptcy Rule 8013. It conducts a de novo review of the bankruptcy court's legal conclusions. *In re Robinson,* 987 F.2d 665, 667 (10th Cir. 1993). The interpretation of an unambiguous contract is a question of law and, therefore, is subject to de novo review. *In re Kaiser Steel Corp.,* 998 F.2d 783, 789 (10th Cir.1993). The initial determination that a contract is ambiguous or not is also a legal conclusion reviewed de novo. *Id.* If the contract is ambiguous and its construction depends on extrinsic evidence, then the lower court's findings are reviewed for clear error. *Id.* For the rules governing contract interpretation, we generally look to state law. *Matter of Haber Oil Co., Inc.,* 12 F.3d 426, 443 (5th Cir.1994); *Matter of Haske,* 122 B.R. 372, 374 (D.Neb.1990).

## RULES OF CONTRACT CONSTRUCTION

 " 'A cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if the intention is consistent with legal principles.' " *Hollenbeck v. Household Bank,* 250 Kan. 747, 751, 829 P.2d 903 (1992) (quoting *Garvey Center, Inc. v. Food Specialties, Inc.,* 214 Kan. 224, 229, 519 P.2d 646 (1974)). A contract that is plain and unam-

biguous on its face is enforced according to its terms which are given their plain, general and common meaning. *Wagnon v. Slawson Exploration Co.*, 255 Kan. 500, 511, 874 P.2d 659 (1994). A contract is ambiguous if it has provisions of doubtful or conflicting meaning. Ambiguity exists when the application of pertinent rules of interpretation to the face of the instrument leaves it generally uncertain which one of two or more meanings is the proper meaning. *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, Syl. ¶ 2, 829 P.2d 884 (1992). In construing a written contract, Kansas courts favor reasonable interpretations over unreasonable ones and avoid results that vitiate the contract's purpose or that reduce its terms to an absurdity. *Gore v. Beren*, 254 Kan. 418, 427, 867 P.2d 330 (1994). Courts are not to rewrite or insert terms under the guise of contract interpretation in order to achieve an equitable result or to import an intent never expressed. *Galindo v. City of Coffeyville*, 256 Kan. 455, 466, 885 P.2d 1246 (1994).

## DISCUSSION

The security agreement between City National and the debtors provides in pertinent part:

> All Debtors agree to pay reasonable costs of collection upon default, including reasonable attorneys fees incurred in the collection of this Note and realizing on a security interest.

This single sentence from the security agreement is quoted in the bankruptcy court's order and in the parties' respective briefs. The record on appeal does not include the security agreement or any other portion of it.

The debtors argue the agreement is ambiguous because the terms, "collection" and "realizing," can be defined either broadly as any measures taken to insure eventual payment of the debt or narrowly as collection and foreclosure proceedings in state court. Since City National drafted the security agreement, the debtors maintain that a narrow construction against City National is appropriate. Finally, debtors insist the work performed by City National's attorney during the Chapter 12 bankruptcy does not fall within the commonly accepted meaning of "collection" of a debt or "realizing" on a security interest.

That a litigant can interpret a contract term in two or more ways does not necessarily mean the contract is ambiguous. Ambiguity "arises when application of pertinent rules of interpretation to an instrument as a whole fails to make certain which one of two or more meanings is conveyed by the words employed by the parties." *Wood v. Hatcher*, 199 Kan. 238, 242, 428 P.2d 799 (1967). One such pertinent rule of interpretation is to favor reasonable interpretations over unreasonable ones. *See First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 624, 602 P.2d 1299 (1979). It follows that a contract provision is ambiguous only if susceptible to two or more **reasonable** interpretations. *Matter of Haber Oil Co., Inc.*, 12 F.3d at 443.

The court rejects the debtors' narrow reading of "collection" and "realizing" as unreasonable under the circumstances. In the setting of debt relations, common usages of "collect" and "realize" may include the narrow readings argued by the debtors. Such usages, however, are made apparent typically by the specific context in which the terms are used. The language here lacks such a specific context. It does not refer to nor mention collection agencies, state courts, or foreclosure proceedings. In the absence of such a context, the security agreement should be reasonably read as referring to general activities and various proceedings without limiting them to a particular venue or a specific nature. The court concludes that the security agreement is unambiguous in this respect. The rule of strict construction against the contract drafter is inapplicable when the contract is clear and unambiguous. *Thomas v. Thomas*, 250 Kan. 235, Syl. ¶ 3, 824 P.2d 971 (1992).

A security agreement may allow fees incurred in bankruptcy proceedings even without specifically mentioning "bankruptcy." *First Brandon Nat. Bank v. Kerwin–White*, 109 B.R. 626, 632 (D.Vt.1990); *In re Vanvleet*, No. 92–40461–12, 1994 WL 631112, 1994 Bankr. LEXIS 1757 (Bankr.D.Kan. Nov. 1, 1994); *In re Mills*, 77 B.R. 413, 417 (Bankr.

S.D.N.Y.1987); *see In re Auto Specialties Mfg. Co.,* 18 F.3d at 360–62. If the security agreement speaks only about "foreclosure proceedings," then a court should not read the agreement as including unrelated bankruptcy proceedings. *In re Nickleberry,* 76 B.R. 413, 425 (Bankr.E.D.Pa.1987).

■ "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Black's Law Dictionary* 263 (6th ed. 1990). "Collection" can mean the act of "securing payment of a ... credit instrument by presentation to the payer for cash." *Webster's Third New International Dictionary* 444 (Unabridged ed. 1981). "Realize" means "[t]o convert any kind of property into money." *Black's Law Dictionary* 1264; *see Webster's Third New International Dictionary* 1890. Activities in the collection of a note or in realizing on a security interest include anything done in an effort to secure or obtain payment of a debt or to convert property into money.

■ As the bankruptcy court found, "City National did not collect its debt, nor did it foreclose upon its collateral." *In re Williams,* 174 B.R. at 308. Even so, City National's actions were not unrelated to collection on the note or to realization on its security interest. First, City National's efforts to collect on the note were stayed upon the debtors' filing for bankruptcy. Absent a lift from the stay, the bankruptcy court became the forum wherein City National, through legal proceedings, hoped to secure payment of the note. *See In re Kroh Bros. Development Co.,* 88 B.R. 997, 1003 (Bankr. W.D.Mo.1988). Second, by negotiating an adequate protection plan and an agreeable plan of reorganization in the Chapter 12 proceeding, City National did not receive immediate and actual payment of the debt or realization on the collateral, but it did receive something closely akin to both. City National protected its interest in the value of the collateral and secured its eventual collection of payment or its eventual realization on the collateral. Third, City National's involvement in the proceedings was necessary to protect the value of its collateral and to insure its eventual collection or realization.

*Cf. In re Auto Specialties Mfg. Co.,* 18 F.3d at 362 (resolution of the bankruptcy proceedings was "crucial to the Bank's ability to collect"). The court concludes that City National's activities during the Chapter 12 proceeding, by reason of their nature and purpose, come within the security agreement's terms for allowable attorney's fees.

IT IS THEREFORE ORDERED that the bankruptcy court's order of November 22, 1994, published at *In re Williams,* 174 B.R. 307 (Bankr.D.Kan.1994), is affirmed.