In the Matter of Stephen & Judy MILLER, Debtors.

Bankruptcy No. BK00–40469.

United States Bankruptcy Court.
D. Nebraska.

Nov. 7, 2000.

Mr. Michael R. Snyder, Kearney, NE, for Nebraska National Bank.

Mr. W. Eric Wood, Bellevue, NE, for Stephen & Judy Miller.

### *MEMORANDUM*

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This matter is before the Court on the objections of Nebraska National Bank ("the Bank") to exemptions claimed by the debtors for a pickup truck and for sound and music equipment. The objections are sustained. First, I conclude that amended NEB. REV. STAT. § 25–1556(4) overruled my previous decision in *In re Nachtigal* and that a spouse may not assert a tool of the trade exemption in co-debtor's property. Second, I conclude that a debtor may not claim as exempt property intentionally omitted from schedules.

The debtors filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Included in the debtors' schedule of personal property is a 1992 Ford F–150 pickup truck. The fair market value of the vehicle is $4,500. The debtors assert that the pickup constitutes exempt property to the extent of $4,500 under NEB. REV. STAT. § 25–1556(4).

In relevant part, § 25–1556(4) provides: No property hereinafter mentioned shall be liable to attachment, execution, or sale on any final process issued from any court in this state, against any person being a resident of this state: ... (4) the debtor's interest, not to exceed an aggregate fair market value of two thousand four hundred dollars, in implements, tools, or professional books or supplies held for use in the principal trade or business of such debtor or his or her family, which may include one motor vehicle used by the debtor in connection with his or her principal

trade or business or to commute to and from his or her principal place of trade or business[.]

NEB. REV. STAT. ANN. § 25–1556 (MICHIE SUPP.1999).

■ The debtors assert that each of them may exempt up to $2,400 of the pickup's value as a tool of the trade.

I previously concluded, under a prior version of the above-quoted statute, that each spouse in a joint bankruptcy case could assert a tool of the trade exemption in the husband's tools which were used for the support of the family. *In re Nachtigal*, 82 B.R. 533 (Bankr.D.Neb.1988). It appears that a carefully drafted 1997 amendment to § 25–1556 overruled *Nachtigal*.

The statute, as amended, makes clear, explicitly, that a debtor may exempt only the *debtor's* interest in property. The pickup truck at issue here is subject to Nebraska motor vehicle title laws, and the certificate of title issued for the vehicle lists the husband as the owner. Therefore, only the husband has an interest in the vehicle, and only the husband may claim the pickup as exempt under § 25–1556, as amended. The Bank's objection to the wife's claimed exemption in the pickup is sustained. The husband may exempt up to $2,400 of the pickup's value under § 25–1556.

The Bank also objects to the debtors' claimed exemption of their interest in sound and music equipment (the "Equipment").[1] The assets were not included in the debtors' schedules until after the existence of the Equipment was raised by the Bank during a Rule 2004 exam. The debtors subsequently amended their schedules to include a 25 percent interest in the Equipment. They estimated that 25 percent interest to be worth $765.00, and claimed it as exempt under NEB. REV. STAT. § 25–1552, which provides an exemption for up to $2,500 of personal property.[2] NEB. REV. STAT. ANN. § 25–1552 (MICHIE SUPP.1999). The total of the personal property exemptions claimed under §§ 25–1552 and 25–1556 may not exceed $2,500 per person.

The Bank asserts that the Equipment constitutes property of the bankruptcy estate, that the debtor's interest therein is not limited to 25 percent, and that the value of the Equipment exceeds the scheduled amount. The Equipment is located in a church in Kearney, Nebraska, and is used for church functions. The Equipment was purchased by the debtors and other members of a now-defunct singing group, and was used by them either at the church or at the group's performances in other locations. The debtors have carried insurance on all of the Equipment since at least 1995. The debtors assert that the Equipment belongs either to the singing group or to the church, but not to them personally. The Bank's appraiser values the Equipment at $8,400, while the debtors' appraiser values it at $3,965. The Equipment is insured for approximately $20,000.

The debtors' interest in the Equipment is property of the bankruptcy estate under 11 U.S.C. § 541 (property of the estate includes all legal or equitable interests of the debtor in property as of the commencement of the case). It therefore is subject to administration and distribution by the Chapter 7 Trustee unless it is exempt property.

1. The equipment is of the type used for professional performances, and includes amplifiers, speakers, microphones, a voice mixer, and so forth.

2. The statute formerly provided a $2,500 exemption in lieu of the homestead exemption, in addition to the specific personal property permitted to be exempted under § 25–1556.

The Nebraska legislature amended the statute in 1997, removing the language indicating the exemption was an alternative to the homestead exemption and adding the language requiring the $2,500 limit to include the value of exemptions under both § 25–1552 and § 25–1556.

■ The debtors consider themselves at most co-owners of the Equipment, along with other former members of the singing group and the church. Neither the church nor the singing group is a party to this matter, nor have they received notice in this case. As a result, neither entity has had the opportunity to assert an ownership right in the Equipment. Therefore, the Court is unable at this time to determine the extent of the debtors' interest in the Equipment. That is a matter for the Chapter 7 Trustee to pursue. By separate order, the Chapter 7 Trustee will be directed to investigate the nature and scope of the debtors' interest in the Equipment and to give notice of his intention to either administer it or abandon it.

■ I conclude, however, as a finding of fact, that the debtors have an ownership interest in the Equipment and that the debtors intentionally concealed that interest from creditors by omitting it from their schedules. I reach this conclusion based upon the circumstantial evidence. The debtors were directly involved in the purchase of some, if not most, of the Equipment. Mrs. Miller's perception of the ownership arrangement is that she and her husband own the Equipment and are simply letting the church use it. Dep. of Judy Miller, 85:18–86:1; 87:8–12 (Ex. 8). The debtors purchased casualty insurance covering the Equipment and they are the only loss payee under the policy. It is thus clear that prior to the time this bankruptcy case was filed, the debtors were aware that they had an interest in the Equipment. I find that the debtors intentionally concealed their interest in the Equipment from creditors by omitting it from their schedules.

■ If a debtor intentionally fails to disclose property of the estate, the Court may prohibit a claimed exemption in that property. *In re Yonikus,* 996 F.2d 866 (7th Cir.1993); *Mertz v. Rott,* 955 F.2d 596 (8th Cir.1992); *Matter of Doan,* 672 F.2d 831 (11th Cir.1982). "The operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will, with the only penalty that they had to file an amended claim once caught, cheating would be altogether too attractive." *Payne v. Wood,* 775 F.2d 202, 205 (7th Cir.1985), *cert. denied,* 475 U.S. 1085, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986), *quoted in Yonikus,* 996 F.2d at 872. "[T]he petition, including schedules and statements, must be accurate and reliable, without the necessity of digging out and conducting independent examinations to get the facts." *Mertz v. Rott,* 955 F.2d at 598. I conclude that the debtors may not claim their interest in Equipment as exempt because the assets were intentionally concealed.

A separate order will be entered consistent herewith.